# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONALD BAKER, *et al*,                )
                                      )
       Plaintiffs,            )
                                      )
v.                                    )    Case No. 14-1356-JTM-KGG
                                      )
AUSTIN DESLAURIERS, *et al*,          )
                                      )
       Defendants.            )
                                                 )

## **ORDER DENYING MOTION TO PROCEED**

This action was filed by Plaintiffs *pro se* in 2014. On October 27, 2014, Plaintiffs filed a motion for appointment of counsel (Doc. 28). On February 9, 2015, the predecessor Magistrate Judge provisionally granted the motion to appoint counsel, but stayed the selection of counsel and the remainder of the case while two similar cases developed in other jurisdictions (Doc. 36).

In the present motion, Plaintiffs ask the Court to lift the stay and proceed with the case because the cases from the other jurisdictions have resulted in at least preliminary rulings in favor of similarly-situated plaintiffs. The Court agrees that there is no longer any reason to delay this case based on the development of the Missouri and Minnesota cases.

However, unbeknownst to the Plaintiffs, the Court has been working for

several months to recruit counsel for this case without success.[1]  Appointments in these cases are generally made under 28 U.S.C. §1915(e)(1), which permits the Court to "request" an attorney to represent the plaintiff.  Such an appointment is uncompensated.[2]

This is a significant case and will require substantial work by appointed counsel.  Attorneys and firms approached by the Court have considered this appointment but have declined because of the large amount of possibly uncompensated work involved.  Other firms have declined because of conflicts of interest with the State defendants.  The above-referenced statute does not permit the Court to appoint counsel involuntarily.  ***Mallard v. United States District Court***, 490 U.S. 296 (1989).[3]

This Court has granted the motion for counsel.  The attorneys of this District have a tradition of and reputation for assisting the Court and assisting

---

[1] The undersigned Magistrate Judge, the assigned District Judge, and the Clerk of Court have all made inquiries on behalf of the Plaintiffs.

[2] It is possible that appointed counsel could be compensated if the Plaintiffs prevail (see e.g. 42 U.S.C.§1988).  Additionally, appointed counsel can seek reimbursement of out-of-pocket costs under D. Kan. Rule 83.5.3(f).

[3] The Fifth Circuit Court of Appeals (Kansas is in the 10th Circuit) has held that the Court has inherent authority to appoint counsel, and to order attorneys to represent litigants without pay.  ***Naranjo v. Thompson***, 809 F. 3d 793 (5th Cir. 2015).  No such ruling has been made in this Circuit or the District of Kansas.  This Magistrate Judge is not convinced that such action by the Court would be practical, if legal, but in any rate is loathe to test those waters at this stage.

indigent parties' access to justice. The Court remains hopeful that these traits may yet result in counsel stepping up to assist the Court. If the Court lifts the stay, as Plaintiffs ask, without first finding counsel, Plaintiffs would be in the position of having to proceed *pro se* in a case in which the Court has already ruled they require counsel. (The Court assumes that Plaintiffs did not know that efforts were being made to find counsel when they filed the present motion).

The Court, which will continue efforts to find counsel, requests the Plaintiffs' continued patience. The Motion is, therefore, **DENIED**.

IT IS SO ORDERED.

Dated on this 4th day of April, 2016.

> S/ KENNETH G. GALE
> Kenneth G. Gale
> United States Magistrate Judge