# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD BAKER, *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14-1356-JTM-KGG |
| ) | |
| AUSTIN DESLAURIERS, *et al*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER DENYING MOTION TO APPOINT COUNSEL

Before the Court is the motion of plaintiff David Thayer for appointment of counsel (Doc. 74). This is actually a motion to appoint replacement counsel, after plaintiff Thayer moved for and was granted leave to separate from the other plaintiffs in this case and the attorneys appointed to represent all plaintiffs, including him (Doc.67, 69).

This purported class action was filed *pro se* by several named plaintiffs, including the movant. This Court previously found that the plaintiff, like the other named plaintiffs in this case, should be appointed counsel (Doc. 36). Thereafter, the Court appointed volunteer counsel to represent all plaintiffs in this case (Doc. 50). Able counsel from two different law firms were appointed. Appointed plaintiffs counsel filed an Amended Complaint on behalf of the plaintiffs and the purported class (Doc. 62). Mr. Thayer then filed a motion to separate from the other plaintiffs and appointed counsel, expressing the belief that appointed counsel did not "have our best interests in mind." (Doc. 67). He expressed a preference to continue under the original Complaint. This Court granted that motion, ruling that the original Complaint filed *pro se* by the

plaintiffs would be active as to Mr. Thayer and that he could proceed to represent himself *pro se* (Doc. 69). Since this ruling Mr. Thayer has filed a separate motion for class certification (Doc. 73) evidencing some understanding of the procedures in this case.

The removal of previously-appointed counsel was not granted because of any deficiencies or malfeasance in their representation of Mr. Thayer, or because of any legal or ethical conflict of interest. Rather, the Court deferred to the preference of Mr. Thayer expressed in his motion, based upon his judgment, that counsel were not representing his best interests. The Court has discretion to appoint counsel who volunteer to represent indigent plaintiffs under 28 U.S.C. 1915(e)(1). However, this discretion is not wisely exercised in a case where the movant, having been appointed counsel, is asking the Court to locate replacement counsel who agree with his legal strategic and tactical decisions.

The Motion to Appoint counsel is DENIED.

IT IS SO ORDERED.

s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge