IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD BAKER, *et al.*,

        Plaintiffs,

v.                                                Case No. 14-1356-JTM

TIM KECK, *Interim Secretary of Kansas Department for Aging and Disability Services*, and
MIKE DIXON, *Clinical Program Director of the Kansas Sexual Predator Treatment Program*,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiffs' First Amended Complaint alleged that the defendants were violating plaintiffs' Fourteenth Amendment rights with respect to conditions of confinement and treatment under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. § 59-29a01. The court granted defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (Dkt. 87). Judgment was entered the same day.[1] (Dkt. 88). The matter is now before the court on plaintiffs' "Motion to Reconsider, Grant Leave to Amend, or Clarify." (Dkt. 89).

**I. Motion to Reconsider**

Plaintiffs' motion asks for alternative forms of relief pursuant to Fed. R. Civ. P. 59(e) and 15(a). It first argues the court committed clear error by failing to consider the State of Kansas's 2015 Post Audit Report regarding the Kansas Sexually Violent

---

[1] Plaintiffs' response to defendants' motion to dismiss argued that the allegations in the complaint were sufficient to state a claim, but did not request leave to amend the complaint to cure the deficiencies claimed by the defendants.

Predator Treatment Program, and argues the court should reconsider its ruling in light of that report. (Dkt. 90 at 6-7). Plaintiffs argue the court's "refusal to consider the Post Audit Report was a clear legal error because this report is a public document of which the Court may take judicial notice," and "[s]uch judicial notice is mandatory when considering a motion to dismiss." (*Id.* at 7). If the court declines to take judicial notice, plaintiffs ask the court for leave to amend the complaint to add references to the Post Audit Report and its contents. (*Id.* at 9-10). Plaintiffs argue their proposed amended complaint, which is attached to the motion, states a valid claim for relief. They also contend that *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017), which was cited by the court in its order of dismissal, employed a due process standard different from the Tenth Circuit's, and the case therefore does not support dismissal. (Dkt. 90 at 19). Finally, if the court otherwise denies relief, plaintiffs ask the court to clarify that the dismissal is without prejudice. (*Id.* at 20-21).

**II. Standard of Review**

Once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated under Rule 59(e) or 60(b). *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005). Thus, even though Rule 15(a) states that leave to amend "shall be freely given," that presumption is reversed in cases where the plaintiff seeks to amend after judgment has been entered and a case dismissed. *Id.*

Rule 59(e) relief is available in limited circumstances. *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017). Those circumstances include: (1)

2

an intervening change in the controlling law; (2) when there is new evidence that was previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *Id*. (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

**III. Discussion**

Even assuming the court erred by not taking judicial notice of the Post Audit Report, any such error would not change the court's prior ruling, nor would it warrant granting the relief now requested. As the court noted in its prior order, the report "mirrors several allegations in the amended complaint, including criticism of the SVTP for providing insufficiently individualized treatment." (Dkt. 87 at 10-11, n.2). But the court found the allegations in the complaint insufficient to state a claim, and said "[e]ven if the court were to consider this report as part of plaintiffs' allegations, it does not allege or purport to show that the Kansas program was such a departure from accepted standards that it reflects an absence of professional judgment." *Id*. Thus, taking judicial notice of the report would not alter the court's prior ruling.

Plaintiffs assert that the Post Audit Report[2] was based in part on research published by the Association for Treatment of Sexual Abusers (ATSA), which "emphasizes the benefits of individualized treatment," and that, according to the report's authors, "[o]fficials from three other states that we spoke with generally agreed

---

[2] Plaintiffs point out that, contrary to the court's statement in its order, a legislative committee did not prepare the report. Rather, the report was compiled by the staff of the Legislative Division of Post Audit. (Dkt. 90 at 8). The specific source of report played no part in the court's prior conclusion and makes no difference insofar as the instant motion is concerned. *See* Dkt. 90 at 8 (asking the court to reconsider its ruling "[t]o the extent the Court's misunderstanding of the report as being merely a 'report by a legislative committee' influenced its decision").

3

with [this] research." (Dkt. 90 at 5). The report concluded that, contrary to the recommended practices in the ATSA, Kansas "did not use an assessment tool that explicitly evaluates the risk of reoffending"; it "did not create sufficiently individualized treatment plans"; its "annual review did not appear to meet recommended practices"; and "individuals with intellectual and developmental disabilities had the same requirements and received the same treatment as all other residents, but at a slower pace." (*Id*. at 5-6).

The alleged shortcomings cited in the Post Audit Report do not alter the court's conclusion that the First Amended Complaint failed to state a valid claim for relief. Nor does plaintiffs' incorporation of those shortcomings in their Proposed Second Amended Complaint (Dkt. 90-1 at 11-13, 18-88) alter that conclusion. The Audit Report asserted that the ATSA and others have put out "research-based guidance for the treatment of sexually violent predators," that officials from three other states agreed with this research, and that the research "emphasizes the benefits of individualized treatment." (Dkt. 90-1 at 35). The Report further concluded that Kansas's "treatment model has not kept up with the research-based, recommended practices we saw in other states." (Dkt. 90-1 at 61). Accepting these allegations at true, they still do not set forth facts showing that Kansas's treatment represents such a departure from accepted professional judgment as to demonstrate that the persons responsible for the program actually did not base their decisions on a professional judgment. States enjoy wide latitude in developing treatment regiments. *Kansas v. Hendricks*, 521 U.S. 346, 368, n.4 (1997). The fact that a preferred method of treatment may have developed, as plaintiffs allege, does

not render Kansas's use of some other method unconstitutional. *See Allison v. Snyder*, 332 F.3d 1076, 1081 (7th Cir. 2003) ("The Constitution does not command state officials to follow the majority view of a given professional association. Plaintiffs have not supplied any reason for us to conclude that the choices made by Illinois are so far outside the bounds of professional norms that they must be equated with no professional choice at all.") (cited at Dkt. 87 at 12). The plausibility standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) requires a plaintiff to allege facts showing more than a possibility that a defendant is liable. Plaintiffs have not done so here. For essentially the same reasons set forth by the court in its prior order, the court finds that plaintiffs' Proposed Second Amended Complaint fails to state a claim upon which relief can be granted, that granting the requested leave to amend under these circumstances would be futile, and that the action should be dismissed with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim for relief under Rule 12(b)(6) and granting leave to amend would be futile.").

**IT IS THEREFORE ORDERED** this 14th day of November, 2017, that plaintiffs' Motion for Reconsideration, to Amend Complaint, or to Clarify (Dkt. 89) is DENIED.

          ___s/ J. Thomas Marten_____
          J. THOMAS MARTEN, JUDGE